**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

THE LYNN M. KENNIS TRUST U/A DTD 10/02/2002, BY LYNN M. KENNIS AS TRUSTEE, and THE RONALD J. KENNIS TRUST, BY RONALD J. KENNIS AND DOLORES M. KENNIS AS TRUSTEES,

Plaintiffs,

v.

FIRST EAGLE INVESTMENT MANAGEMENT, LLC,

Defendant.

C.A. No. 14-585-(SLR/SRF)

**SCHEDULING ORDER**

This 2nd day of February, 2016, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on January 25, 2016, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order. If they have not already done so, the parties are to review the Default Standard for Discovery of Electronic Documents, which is posted on Magistrate Judge Fallon's section of the Court's website at http://www.ded.uscourts.gov under the "Guidelines" tab, and is incorporated herein by reference.

2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other

parties, and to amend or supplement the pleadings shall be filed on or before October 31, 2017.

3. **Discovery.**[1] Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a. Depositions.

i. Limitation on Hours for Non-Expert Deposition Discovery. Each side is limited to a total of 105 hours of taking testimony by deposition upon oral examination. Unless otherwise agreed by the parties or ordered by the Court, each side may take no more than 15 depositions, with a maximum of 7 hours per deposition. The 7-hour time limit may be extended by a reasonable, limited amount of time by agreement of the parties when additional time is needed to fairly examine a deponent. The parties reserve the right to seek leave from the Court to take more than 15 depositions pursuant and subject to Fed. R. Civ. P. 30(a)(2). The parties reserve the right to seek leave from the Court for additional examination time for individual deponents and/or to reopen depositions closed after the expiration of the 7-hour time limit upon good cause shown.

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or written agreement of the parties. The parties agree that depositions in this matter may also be taken at a place designated within the city of New York, NY, or at another mutually agreed location based upon the convenience of the deponent and counsel. A defendant who becomes a counterclaimant, cross-

---

[1] Should the parties agree to modify the number of depositions under FED. R. CIV. P. 30, the number of allowed interrogatories under Rule 33 or limit the number of requests for production and/or requests for admission under Rules 34 and 36 respectively, they shall include the appropriate proposed provisions in this Order.

claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

iii. Dates for Non-Expert Depositions. Non-expert depositions shall not be taken prior to June 30, 2016. All non-expert depositions shall be completed by January 31, 2018.

b. Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before January 31, 2018. The Court encourages the parties to serve and respond to contention interrogatories early in the case.

i. Last Date for Written Discovery Requests. Unless otherwise agreed by the parties or ordered by the Court, all written discovery requests, including but not limited to requests for production of documents or information, interrogatories, and requests for admission, shall be made by November 30, 2017.

ii. Document Production. Each party shall serve its initial requests for production of documents by April 1, 2016. Each party shall respond to the initial requests for production by June 30, 2016. Defendant shall have until June 30, 2016 to complete its production of (a) the materials provided to the Board of Trustees (the "Board") of First Eagle Funds in connection with the Board's consideration and approval of investment advisory fees charged to the First Eagle Global Fund and/or the First Eagle Overseas Fund since January 1, 2012, and (b) minutes of meetings of the Board pertaining to such consideration and approval. All other document production in response to the initial requests shall be made on a rolling basis and shall be completed by January 31, 2017.

iii. Interrogatories. Interrogatories shall be limited to 30 for each party.

iv. Requests for Admission. Requests for Admission shall be limited to 30 for each party.

c. Disclosure of Expert Testimony.

i. Expert Reports. For the party who has the initial burden of proof on the subject matter, or a party that intends to submit proof on a matter that is otherwise part of its case-in-chief, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before March 30, 2018. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before June 1, 2018. Reply expert reports are due on or before July 2, 2018.

No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. The parties agree to begin expert depositions no earlier than July 2, 2018, and to complete expert depositions by August 31, 2018. No expert deposition shall occur prior to July 2, 2018 unless the party seeking the deposition obtains (1) agreement from the opposing party, or (2) leave of Court.

ii. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than October 1, 2018, unless otherwise ordered by the Court.

d. Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order,[2]

[2] Counsel are expected to ***verbally*** discuss the issues/concerns before seeking the Court's

the parties involved shall contact chambers at (302) 573-4551 to schedule a telephone conference. After the parties have contacted chambers and have scheduled a teleconference, the moving party or parties should file a "[Joint] Motion for Teleconference to Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Fallon's section of the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Dispute."

Not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition. Courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing.

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes or issues regarding protective orders, or motions for extension of time for briefing case-dispositive motions which are related to discovery matters are to be addressed in accordance with this Order.

No motions to compel or motions for protective order shall be filed absent approval of the court. Absent express approval of the court following a discovery conference, no motions pursuant

---

intervention.

to Fed. R. Civ. P. 37 shall be filed.

4. **Application to Court for Protective Order.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 3(d) above.

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. **Courtesy Copies.** The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under

seal.

7. **ADR Process.** This matter will be discussed during the Rule 16 scheduling conference.

8. **Interim Status Report.** On September 2, 2016, December 28, 2016, November 27, 2017 and July 23, 2018, counsel shall submit joint interim reports to the Court on the nature of the matters in issue and the progress of discovery to date.

9. **Status Conference.** On September 12, 2016, January 4, 2017, December 4, 2017 and July 30, 2018 the Court will hold Rule16 (a), (b) and (c) conferences by telephone with counsel beginning at 11:00 a.m. Plaintiff's counsel shall initiate the telephone calls. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

10. **Case Dispositive Motions.** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 30, 2018. Any response to such a motion shall be served and filed within 60 days, as calculated consistent with the Federal Rules of Civil Procedure and CM/ECF Procedures. Once the responsive papers have been deemed served, the moving party may file a reply within 30 days, as calculated consistent with the Federal Rules of Civil Procedure and CM/ECF Procedures. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date

without leave of the Court.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[3]

11. **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. **Pretrial Conference.** On TBD, the Court will hold a Pretrial Conference in Court with counsel beginning at TBD. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before ______________. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

12. **Motions *in Limine*.** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request

---

[3] For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file **joint** (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

14. **Trial.** This matter is scheduled for a TBD day TBD trial beginning at 9:30 a.m. on TBD with the remaining trial days beginning at 9:00 a.m. [It is Plaintiffs' position that there should be a jury trial; it is Defendant's position that there should be a bench trial.] Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

/s/ [signature]
UNITED STATES MAGISTRATE JUDGE